IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CLARENCE MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:12-CV-699-WKW |
| ) | [WO] |
| CITIBANK, N.A., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Clarence Martin shares a name with his son, Clarence Martin, Jr. According to Mr. Martin's complaint, Junior once owed a debt to Defendant Citibank, N.A. After Junior defaulted, Citibank cancelled the debt and forwarded a 1099-C form to the IRS.

The 1099-C form, however, identified Mr. Martin as the debtor instead of his son. As a result, the $5,000 debt Citibank cancelled was attributed to Mr. Martin as income, even though he claims he never owed the underlying debt. Mr. Martin sued Citibank in state court, alleging negligence, wantonness, and invasion of privacy. (*See* Doc. # 1.)

Citibank removed to this court on August 13, 2012. (Doc. # 1.) Mr. Martin timely filed a motion to remand. (Doc. # 8.) For the reasons that follow, Mr. Martin's motion is due to be granted.

## I.  STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  At the same time, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Hence, in actions removed from state court to federal court, federal courts strictly construe removal statutes, resolve all doubts in favor of remand, and place the burden of establishing federal jurisdiction on the defendant.  *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–30 (11th Cir. 2006).

## II.  DISCUSSION

Citibank's only argument in support of removal is that Mr. Martin's claims arise under federal law in accordance with 28 U.S.C. § 1331.  Specifically, Citibank characterizes this case as one that hinges upon three questions of federal law:  First, did Citibank wrongfully issue Mr. Martin an IRS 1099-C form? (Doc. # 1 ¶ 3.)  Second, must Citibank withdraw the IRS 1099-C form it issued to Mr. Martin? (Doc. # 1 ¶ 3.)  Finally, was it proper for Citibank to issue a Form 1099-C using the social security number associated with the account?  (Doc. # 13 at 7.)  None of those questions, however, support Citibank's characterization of Mr. Martin's claims as federal questions.

In order for a state-law claim to qualify for "arising under" jurisdiction, it must "implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). The word "significant" is key, however, and "federal issue" is not a "password opening federal courts to any state action embracing a point of federal law." *Id.* at 314. "Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.*

The federal issues Citibank has identified here do not pass muster under that test. The mere fact that a defendant was attempting to comply with federal law when it committed a state-law tort cannot suffice to present a substantial federal question. Yet that reasoning underlies Citibank's argument: Because Citibank was attempting to comply with its obligation to issue a 1099-C form when it allegedly identified the wrong person, any cause of action stemming from that mistake "arises under" federal law.

Mr. Martin does not dispute Citibank's obligation to issue a 1099-C form when it cancels a debt greater than $600. Nor does resolution of this matter necessarily require the court to determine whether Citibank must withdraw the form it issued to Mr. Martin. Instead, the critical question is whether Citibank committed a state-law

tort when it allegedly attributed a cancelled debt to the wrong person. The answer to that question does not involve any federal issue that is actually disputed or substantial, so Mr. Martin's claims do not arise under federal law pursuant to 28 U.S.C. § 1331. *Cf. Acker v. Aig Intern., Inc.*, 398 F. Supp. 2d 1239, 1245 (S.D. Fla. 2005) ("The mere fact that Plaintiffs' claims may present questions of federal tax law does not suffice to present a substantial federal question.").

### III.  CONCLUSION

Accordingly, it is ORDERED that Plaintiff's Motion to Remand (Doc. # 8) is GRANTED, and that this action is REMANDED to the Circuit Court of Russell County, Alabama, pursuant to 28 U.S.C. § 1447(c). The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

DONE this 19th day of November, 2012.

                                            /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE